# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS GRAY** | : | **CIVIL ACTION** |
| *Petitioner* | : | |
| | : | **NO. 14-4902** |
| v. | : | |
| | : | |
| **THERESA DELBIASO,** *et al.* | : | |
| *Respondents* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.  JUNE 30, 2017

# MEMORANDUM OPINION

**INTRODUCTION**

Petitioner Thomas Gray ("Petitioner"), a Pennsylvania state prisoner, filed a counseled petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, in which he essentially asserts claims of: ineffectiveness of trial counsel for failing to present forensic expert testimony; violations of his due process rights by the trial judge committed when applying a presumption of malice inference when using a deadly weapon; and ineffectiveness of appellate counsel for failing to raise this due process violation on direct appeal. [ECF 1]. In accordance with Title 28 U.S.C § 636(b), Rule 8 of the Rules Governing Section 2254 Cases, and Local Civil Rule 72.1.IV(c), the *habeas* petition was referred to United States Magistrate Judge Carol Sandra Moore Wells (the "Magistrate Judge" or "Magistrate Judge Wells") for a *Report and Recommendation* ("R&R"). [ECF 2]. On December 18, 2015, Magistrate Judge Wells issued a well-reasoned R&R, which addressed Petitioner's claims, and recommended that the *habeas* petition be denied. [ECF 13]. Thereafter, Petitioner filed timely objections to the R&R, [ECF 20]. This matter is, therefore, ripe for a *de novo* review and determination of the specific objections to the R&R.

After a thorough and independent *de novo* review of the contested portions of the R&R, and the state court record, for the reasons stated herein, Petitioner's objections are overruled, the R&R is approved and adopted, the petition for a writ of *habeas corpus* is denied.

**BACKGROUND**

On September 7, 2005, following a bench trial before the Honorable M. Teresa Sarmina in the Philadelphia County Court of Common Pleas, Petitioner was convicted of murder in the third degree, carrying a firearm without a license, and possession of an instrument of crime. The facts and procedural history underlying Petitioner's conviction were summarized by the Superior Court, adequately quoted in the R&R and, therefore, will not be recited in their entirety except when necessary to address Petitioner's objections. Pertinent to Petitioner's objections are the facts leading to the altercation between Petitioner and Jerold Foushee that resulted in Foushee's death; *to wit*:

> On April 17, 2004, believing that [Petitioner] would be gone for the night, at around 10:00 p.m., Robinson called Foushee and invited him to her home to watch a movie. Foushee arrived around 2:00a.m., at Robinson's home; the pair ate and watched television together in Robinson's bedroom. While sitting on the bed near the bedroom window, Robinson heard [Petitioner] speaking with another person outside of her house. Shortly thereafter, [Petitioner] called Robinson on her phone; she did not pick up. Eventually, the door to the apartment building opened and [Petitioner] then knocked on Robinson's door. Again, Robinson did not answer. Using a key that Robinson had not given to him, [Petitioner] opened the door to the apartment. As [Petitioner] entered the apartment, Robinson was lifting herself from her bed and pulling pants on over her pajamas. [Petitioner] walked straight to Robinson's bedroom, where he found Foushee seated, fully clothed, on Robinson's bed; [Petitioner] began yelling and cursing at Foushee. [Petitioner] pulled out a gun and pointed it at Foushee's head. Robinson got between [Petitioner] and Foushee and pleaded, "Don't do this. It's not right. Think of your daughter." After [Petitioner] brandished his gun, Foushee stayed seated on the bed and told [Petitioner], "I don't want any trouble." Foushee did not threaten or taunt [Petitioner]. Foushee stood up from the bed and, as he walked towards the door, the two men began to fight. [Petitioner] and Foushee grappled with one another in the doorway to the bedroom; as they were entangled, they moved into the hallway. During the fight, [Petitioner] continued to hold his gun in his hand. While they were out of Robinson's sight, she heard a single

2

gunshot and immediately thereafter saw [Petitioner] sprint out of the apartment. Robinson called for help; the paramedics came and took Foushee to Einstein Hospital, where he was pronounced dead at 3:50 a.m.

Procedurally, following his conviction, Petitioner was sentenced to seventeen to forty years of confinement for the third-degree murder conviction, a consecutive sentence of one to five years for carrying a firearm without a license, and a concurrent term of nine months to five years on the possession of an instrument of a crime conviction. On October 18, 2005, Petitioner filed post-sentence motions, which were denied by operation of law on February 21, 2006. Petitioner filed a timely notice of appeal and, on October 29, 2007, the Superior Court affirmed his convictions, but vacated the sentence and remanded the matter for resentencing.

On June 18, 2013, Petitioner filed a timely appeal to the Pennsylvania Superior Court. On July 9, 2014, said Court affirmed the denial of Petitioner's PCRA petition. In the opinion, the Court summarized Petitioner's direct and collateral appeals history as follows:

> On January 30, 2008, [Petitioner] filed a Petition for Allowance of Appeal, which [the Pennsylvania] Supreme Court denied on August 22, 2008. On December 2, 2008, [the trial court] . . . [re]sentenced [Petitioner] to a cumulative term of eighteen to forty years of confinement, to be followed by ten years of reporting probation. On December 11, 2008, Petitioner filed post-sentence motions, which [the trial court] denied on December 30, 2008. [Petitioner] filed a timely notice of appeal and, on June 25, 2010, the Superior Court affirmed [Petitioner's] judgments of sentence. Petitioner filed for *allocator*, which [the Pennsylvania] Supreme Court denied on May 27, 2011. Accordingly, [Petitioner's] judgment of sentence became final on August 25, 2011.
>
> On July 9, 2012, Petitioner filed a timely counseled petition [for collateral relief pursuant to the Post Conviction Relief Act (the "PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46].[1] The

---

[1] The PCRA provides the exclusive means by which a convicted individual in Pennsylvania can collaterally challenge their conviction in state court after exhausting or failing to assert his or her direct appeal rights. *See* 42 Pa. Cons. Stat. Ann. § 9542; *see also McCabe v. Pennsylvania*, 419 F. Supp. 2d 692, 695 (E.D. Pa. 2006) (stating criteria for eligibility).

3

> Commonwealth filed a [m]otion to [d]ismiss, to which Petitioner responded on February 20, 2013. After considering the pleadings and conducting an independent review, on April 26, 2013, [the trial court] sent Petitioner notice pursuant to [Pennsylvania Rule of Criminal Procedure 907 ("907 Notice")] of its intent to deny and dismiss his petition. Petitioner did not respond to [the trial court's] 907 Notice. On May 24, 2013, [the trial court] denied and dismissed [Petitioner's PCRA] Petition.

*See Commonwealth v. Gray*, No. 1776 EDA 2013, at 1-4 (Pa. Super. Ct. July 9, 2014) (quoting *Commonwealth v. Gray,* No. 1776 EDA 2013, at 1-3 (Phila. Cnty. Ct. of Cm. Pl. Nov. 27, 2013)).

On March 31, 2015, Petitioner filed the underlying counseled *habeas* petition pursuant to 28 U.S.C. §2254.

**LEGAL STANDARDS**

Generally, to obtain relief on a writ of *habeas corpus*, a petitioner must allege, *inter alia*, that his/her confinement or custody is the result of a violation of the United States Constitution or laws of the United States.[2] The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standards for reviewing state court judgments raised in federal *habeas corpus* petitions filed under 28 U.S.C. §2254. *Werts v. Vaughn*, 228 F.3d 178, 195 (3d Cir. 2000). AEDPA increased the deference federal courts must give to the factual findings and legal determinations of the state courts. *Id*. at 196. In accordance with §2254(d), a *habeas corpus* petition may only be granted if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d).

---

[2] 28 U.S.C. § 2254(a).

4

To establish that the state court decision was "contrary to" federal law, "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court may only find a state court decision to be an "unreasonable application" of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id*. at 890. *Habeas* relief may not be granted under the "unreasonable application" clause unless a state court's application of clearly established federal law was objectively unreasonable; an incorrect application of federal law alone is not sufficient to warrant *habeas* relief. *See id.* at 891; *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003); *see also Werts,* 228 F.3d at 197. Thus, the federal court must decide whether the state court's application of federal law, when evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent. *See Werts,* 228 F.3d at 197.

A federal court may also grant *habeas* relief under Section 2254(d)(2) if the state court's ruling rested upon "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2). The "highly deferential" standard articulated in §2254(d)(2) "demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster,* 563 U.S. 170, 171 (2011). A petitioner must show that the state court verdict rested on an unreasonable determination of the evidence and that a reasonable factfinder could not have reached a similar decision. *Campbell v. Vaughn,* 209 F.3d 280, 291 (3d Cir. 2000). A court must presume that the state court's factual findings are correct, and it is the petitioner's burden to overcome this presumption by clear and convincing evidence. 28 U.S.C.

5

§2254(e)(1); *see also Marshall v. Lonberger,* 459 U.S. 422, 435 (1983) (requiring that a federal court show deference for state court's factual findings and "inferences fairly deducible from those facts"). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

In order to seek federal *habeas* relief, a petitioner must first exhaust the remedies available in state court. *See* 28 U.S.C. §2254(b)(1) ("An application for a writ of *habeas* corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State . . ."). To meet this exhaustion requirement, a petitioner must "fairly present his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). If a state court has refused or would refuse to review a claim based on a state procedural rule that is independent of the federal question and adequate to support the judgment, the court may deny that claim as procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 729, 731-32 (1991); *Lark v. Sec't Pa. Dept. of Corrections*, 645 F.3d 596, 611 (3d Cir. 2011); *Johnson v. Pinchak*, 392 F.3d 551, 556 (3d Cir. 2004). A federal court may consider the merits of a procedurally defaulted claim only if "the petitioner establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse the default." *Holloway v. Horn*, 355 F.3d 707, 715 n.3 (3d Cir. 2004) (quoting *Coleman*, 501 U.S. at 750).

A claim is procedurally defaulted when "a state court declined to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement." *Coleman*, 501 U.S. at 730. Federal review of the claim, however, is available if the procedural rule that the state court applied to bar a federal claim was not "independent" and "adequate." *Albrecht v.*

*Horn*, 485 F.3d 103, 115 (3d Cir. 2007). A state procedural rule is not adequate to bar federal review on habeas if it was not firmly established and regularly followed by the state courts at the time it was applied. *Lark*, 645 F.3d at 611. Whether a procedural rule "was firmly established and regularly applied is determined as of the date the default occurred, and not as of the date the state court relied on it, because a petitioner is entitled to notice of how to present a claim in state court." *Albrecht*, 485 F.3d at 115.

Here, the *habeas* petition was referred to a Magistrate Judge who issued a R&R recommending that the petition be denied. Petitioner filed timely objections. Where objections to an R&R are filed, the court must conduct a *de novo* review of the contested portions of the R&R, *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. §636(b)(1)(C)), provided the objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, a court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. §636(b)(1). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7. Objections which merely rehash an argument presented to and considered by a magistrate judge are not entitled to *de novo* review. *Becker v. Tennis*, 2011 WL 2550544, at *1 n.3 (E.D. Pa. June 23, 2011) (declining to address contentions included in petitioner's objections, concluding that they are "nothing more than a restatement of the underlying claims contained in his petition") (citing *Morgan v. Astrue*, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009)); *see also Nghiem v. Kerestes*, 2009 WL 960046, at *1 n.1 (E.D. Pa. Apr. 3, 2009) (declining to engage in additional review of objections

where the objections merely re-articulated all the claims and theories for relief that were addressed and dismissed by the magistrate judge).

**DISCUSSION**

With the above principles in mind, Petitioner's objections will be addressed *seriatim*.

*First Objection*

In his first objection, Petitioner contends that the Magistrate Judge erred in denying his first *habeas* claim and concluding that trial counsel was not ineffective for not presenting forensic expert testimony to explain that the location of recovered bullet shell casing was consistent with a struggle. Petitioner argues that a forensic expert would have rebutted the testimonies of the Commonwealth's expert witnesses, who testified that Petitioner shot Foushee at close range, lent credence to his legal defense theory, and supported a manslaughter conviction. These arguments were thoroughly reviewed by the state courts and by the Magistrate Judge and simply restate the arguments presented in Petitioner's *habeas* petition. Accordingly, this Court need not conduct a *de novo* review of the contested portion of the R&R that addressed these *habeas* claims. *See Goney v. Clark,* 749 F.2d 5, 6-7 (3d Cir. 1984) (a district court need not conduct a *de novo* review of the contested portions of an R&R when a party's objections are "general in nature"); *see also Martinez v. Astrue,* 2011 WL 4974445, at *3 (E.D. Pa. Oct. 19, 2011) (providing that "objections which merely rehash arguments presented to and considered by a magistrate judge are not entitled to a *de novo* review").

Notwithstanding, in the interest of judicial economy, this Court conducted a *de novo* review of the objections made and the contested portions of the R&R, and finds no merit to these objections. As noted, the state court adjudicated Petitioner's claim of trial counsel's ineffectiveness on the merits. Thus, the state court's ruling may not be disturbed unless the

ruling was clearly contrary to, or an unreasonable application of, clearly established federal law, or rests on an unreasonable determination of the facts in light of the evidence presented at trial. *See* 28 U.S.C. §2254(d)(1)-(2).

When addressing the merits of an ineffective assistance of counsel claim on *habeas* review, the "clearly established federal law" is the two-pronged inquiry articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To sustain an ineffectiveness assistance of counsel claim under *Strickland*, a petitioner must show that counsel's performance was objectively deficient, and that this deficient performance prejudiced the defense. *Id*. at 687. To establish that counsel was deficient, the petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* To show prejudice, the petitioner must make a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*; *see also Frey v. Fulcomer*, 974 F.2d 348, 358 (3d Cir. 1992) ("[A] petitioner must demonstrate a reasonable probability that, but for the unprofessional errors, the result would have been different."). However, a court must defer to counsel's tactical decisions, avoid "the distorting effects of hindsight," and give counsel a strong presumption of reasonableness. *Strickland*, 466 U.S. at 689; *Gov't of the Virgin Islands v. Weatherwax*, 77 F.3d 1425, 1431 (3d Cir. 1996). Under the *Strickland* standard, "counsel cannot be held ineffective for failing to raise a claim that is without merit or futile." *Boston v. Mooney*, 2015 WL 6674530, at *12 (E.D. Pa. Jan. 9, 2015) (internal citations omitted). A court may address the prongs of *Stickland* in any order as both must be satisfied to entitle a defendant to relief. *See Strickland,* 466 U.S. at 700 ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the

ineffectiveness claim."); *Marshall v. Hendricks,* 307 F.3d 36, 115 n.49 (3d Cir. 2002) (noting that a court may choose "to undertake the prejudice prong first, as *Strickland* clearly allows").

Here, Petitioner objects to the Magistrate Judge's conclusions that: (1) the state court reasonably applied *Strickland* when determining that trial counsel was not ineffective for not hiring and/or eliciting the testimony of a forensics expert; and (2) the state court's determination that Petitioner's ineffective assistance of trial counsel claim failed to satisfy the prejudice prong of *Strickland* was based on a reasonable determination of the facts in light of the evidence presented at trial.

As to Petitioner's argument that the state court's application of the *Strickland* prejudice prong was objectively unreasonable, Petitioner is mistaken. The review of the state court records confirms that, when resolving Petitioner's ineffective assistance of trial counsel claim, the Superior Court applied the standards set forth in *Strickland* and in *Commonwealth v. Crawley,* 663 A.2d 676, 679-80 (2008), a state case used by Pennsylvania trial judges when assessing an ineffective assistance of counsel claim predicated upon trial counsel's failure to call a witness.[3] Consistent with *Crawley,* to establish that trial counsel was ineffective for failing to present a witness, a defendant must establish, in addition to the *Strickland* requirements, that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew or should have known of the existence of the witness; (4) the witness was available and prepared to cooperate and would have testified on defendant's behalf; and (5) the absence of the testimony prejudiced the defendant. *Crawley,* 663 A.2d at 680. Here, the Superior Court, in assessing

---

[3] The *Crawley* standard is identical to the one used by the federal courts when evaluating ineffective assistance of counsel claims predicated on the failure to present certain witness testimony. *See Armstead v. Colleran,* 2003 WL 22436232, at *9 (E.D. Pa. Oct. 24, 2003); *Fithian v. Shannon,* 2002 WL 1636004, at *4 (E.D. Pa. July 23, 2002) (finding that the Pennsylvania Superior Court's application of *Crawley* test of ineffectiveness for failure to call a witness was "neither contrary to nor an unreasonable application of federal law").

Petitioner's ineffective assistance of trial counsel claim, determined that Petitioner did not satisfy the requirements set forth in *Crawley*, holding that:

> [Petitioner] failed to demonstrate that a forensic expert existed and was available to testify for [Petitioner] at trial in the manner [Petitioner] suggests. . . . Additionally, nothing in the record reveals trial counsel was aware of [Petitioner's] desire to call a forensic expert witness at trial. . . . Likewise, Petitioner failed to demonstrate that the absence of a forensic expert's testimony was so prejudicial as to deny [Petitioner] a fair trial. . . . Thus, [Petitioner's] claim of trial counsel's ineffectiveness lacks arguable merit.

*Commonwealth v. Gray*, 1776 EDA 2013, at 8 (Pa. Super. Ct. July 9, 2014) (the "PCRA Decision"). The Superior Court further found that Petitioner could not demonstrate the requisite prejudice under the second prong of *Strickland*. In addressing the prejudice arguments posed in Petitioner's PCRA appeal, the Superior Court extensively quoted the PCRA Court; *to wit*:

> The Commonwealth presented substantial evidence that this killing was not accidental and that [Petitioner] possessed malice when he shot Foushee. The Commonwealth demonstrated that [Petitioner] entered Robinson's home without having been invited, using a key that he had obtained without Robinson's knowledge or permission. [Petitioner] then approached Foushee and aggressively threatened him. [Petitioner] pulled out a gun and pointed it at Foushee's head. Robinson got between [Petitioner] and Foushee and pleaded that [Petitioner] desist. Even though [Petitioner] brandished his gun, Foushee stayed seated on the bed and told [Petitioner] that he did not want trouble.
>
> During the altercation that ensued, [Petitioner] pressed the muzzle of the gun against Foushee's chest, pulled the trigger, and then fled. [Petitioner]'s decisions to fire his gun while flush against Foushee's body and to immediately run from the apartment thereafter amount to persuasive evidence that [Petitioner] intended to kill Foushee.

*Id.* (quoting *Commonwealth v. Gray*, 1776 EDA 2013, at 7-8 (Phila. Cty. Ct. of Com. Pl. Nov. 27, 2013)). The Magistrate Judge agreed that Petitioner was not prejudiced by the lack of a defense forensic expert finding that there is no reasonable probability that, but for the failure of

11

his trial counsel to present a forensic expert witness at trial, the outcome of the guilt phase of Petitioner's trial would have been different. This Court agrees. In light of the PCRA and Superior Courts' well-reasoned and well-supported decisions dismissing Petitioner's PCRA petition, as well as the facts presented at trial, this Court is of the opinion that the state court's adjudication of Petitioner's ineffective assistance of trial counsel claim was not contrary to, or an unreasonable application of, clearly established federal law. Accordingly, this Court finds that the Magistrate Judge did not err in concluding that Petitioner is not entitled to *habeas* relief on this claim under §2254(d)(1).

Although unclear, it appears that Petitioner also argues that he is entitled to *habeas* relief under §2254(d)(2) on the basis that the state court's disposition of the *Strickland* prejudice prong involved an unreasonable determination of the facts in light of the evidence presented at trial. Petitioner's apparent arguments challenging the Superior Court's resolution of the *Strickland* prejudice prong, however, are nothing more than a disagreement with the trial court's assessment of the evidence at trial. In an attempt to establish prejudice, Petitioner argues that, had trial counsel called a forensic expert witness to explain the significance of the location of the bullet shell casing, the trial court would have credited Petitioner's testimony of the events leading to the death of Foushee, and would have returned a manslaughter verdict. This argument is specious, at best. While a federal court has the ability to disagree with a state court's credibility determinations, it should only do so where a *habeas* petitioner has overcome, by clear and convincing evidence, the state court's credibility determinations. *See Weeks v. Snyder,* 219 F.3d 245, 259 (3d Cir. 2000) (stating that credibility determinations are entitled to a strong presumption of correctness under 28 U.S.C. §2254(e)(1)). Here, Petitioner has failed to rebut the trial court's credibility determinations and has otherwise failed to show that the Superior Court's

holding regarding his ineffective of trial counsel claim "was based on an unreasonable determination of the facts in light of the evidence" presented at trial. *See* 28 U.S.C. §2254(d)(2). Thus, he is not entitled to *habeas* relief under either standard set forth in §§2254(d)(1) and/or 2254(d)(2). Accordingly, Petitioner's objection to the Magistrate Judge's conclusion regarding his ineffectiveness of trial counsel claim is overruled, as he has failed to establish any error.

Similarly, Petitioner's claim of ineffectiveness of appellate counsel fails for these same reasons and for the reasons noted *infra*.

*Second and Third Objections*

Petitioner argues that the Magistrate Judge erred in concluding that his *habeas* due process claim was procedurally defaulted and lacked merit. This objection reiterates the due process arguments advanced in the *habeas* petition, which were thoroughly addressed and rejected by the Magistrate Judge. As noted, this Court need not conduct a *de novo* review of the portion of the R&R that addressed this claim, *Goney,* 749 F.2d at 6-7, but will, nevertheless, reviewed the objection and the underlying contested portions of the R&R *de novo*.

In his *habeas* petition, Petitioner argues that the trial judge violated his due process rights by presuming that the court, as the factfinder, could infer malice from the use of a deadly weapon against a vital part of the victim's body (*i.e.,* the "Vital Part presumption"). Petitioner also contends that appellate counsel was ineffective for failing to advance this argument during Petitioner's direct appeal. In response to the *habeas* petition, Respondents argued that both claims, which were not presented to the state courts, were procedurally defaulted and meritless. This Court agrees with Respondents.

As set forth in the R&R, the due process clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Francis v. Franklin*, 471 U.S. 307, 313 (1985) (citation and quotation

omitted). Presumptions or inferences are classified as mandatory or permissive. A mandatory presumption instructs a factfinder that it must infer the presumed fact if the Commonwealth proves certain predicate facts. *Id.* at 314. Mandatory presumptions typically violate due process because they relieve the Commonwealth of its burden of persuasion on an essential element of an offense. *Id.* A permissive inference, on the other hand, "suggests to the [factfinder] a possible conclusion to be drawn if the [Commonwealth] proves predicate facts, but does not require the [factfinder] to draw that conclusion." *Id.* Permissive inferences are valid under due process. *Id.* However, as the PCRA Court noted, "presuming malice from the facts elicited at trial would violate the Due Process Clause if the inference of malice 'is not one that reason and common sense justify in light of the proven fact.'" *Commonwealth v. Gray*, 1776 EDA 2013, at 8 (Phila. Cty. Ct. of Com. Pl. Nov. 27, 2013) (quoting *Francis*, 471 U.S. at 314-15); *see also Cnty. Ct. of Ulster Cnty., N.Y. v. Allen*, 442 U.S. 140, 157 (1979) (a permissive presumption violates the due process Clause "only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference.").

As stated, Petitioner was convicted of third-degree murder, which requires the Commonwealth to prove that the killing was committed with malice aforethought, but without specific intent. *See* 18 Pa. Cons. Stat. Ann. § 2502(a), (c). A killing without malice can be either voluntary or involuntary manslaughter. 18 Pa. C.S §§ 2503 and 2504, respectively. The issue argued by Petitioner is whether the trial judge's inference of malice constituted a deprivation of Petitioner's due process. Under Pennsylvania law, a factfinder may infer malice from the intentional use of a deadly weapon on a vital part of a victim's body. *See Commonwealth v. Hinchcliffe*, 479 Pa. 551, 554 (Pa. 1978) (stating that "the intentional use of a deadly weapon on a vital part of the body raises a permissible inference of malice"); *Commonwealth v. Pigg*, 571

14

A.2d 438, 441 (Pa. Super. Ct. 1990). The Vital Part Presumption is a permissive inference, so it only violates due process if, under the facts of the case, no rational factfinder could make the connection permitted by the inference.

After a careful consideration of the argument, the Magistrate Judge concluded that, to the extent that this claim was not procedurally defaulted, it lacked merit. The Magistrate Judge, however, specifically found that this claim was procedurally defaulted to the extent that it alleges a *substantive* due process violation because the argument presented to the state courts was not as a substantive due process claim, but instead, presented under the guise of an ineffective assistance of counsel claim. (*See* R&R at 10). Notwithstanding this distinction, the Magistrate Judge addressed the merits of this claim and concluded that the state court reasonably applied clearly established federal law, notably *Cnty. Ct. of Ulster Cnty., N.Y. v. Allen,* 442 U.S. 140 (1979),[4] and determined that: (1) the application of the Vital Part Presumption did not violate Petitioner's due process since the trial evidence supported the inference made; and therefore, (2) in light of this finding, appellate counsel cannot be deemed ineffective for not having raised a meritless claim. (*See* R&R at 11-12). This Court agrees with these conclusions.

Petitioner further argues that the state court unreasonably applied clearly established federal law when it rejected Petitioner's due process claim and argument regarding the location of the gunshot wound on the victim's body—specifically, that the wound's location suggested that the wound was the result of a mutual struggle between Petitioner and Foushee. As the Magistrate Judge noted, Petitioner's due process argument "is predicated on the notion that the shooting was accidental." (R&R at 12). The trial court, as the factfinder, rejected Petitioner's

---

[4] In *Ulster Cnty.*, the United States Supreme Court held that a permissive presumption does not offend due process if "there is a rational connection between the basic facts and the ultimate fact presumed, and the latter is more likely than not to flow from the former." 442 U.S. at 165 (internal citations and quotations omitted).

15

version of the struggle and determined that there was a "rational connection" between the proven facts and the ultimate fact presumed, *i.e.*, that Petitioner possessed malice when he pulled the trigger. *See McCandless v. Beyer,* 835 F.2d 58, 60 (3d Cir. 1987) (holding that, under *Ulster Cnty.,* a court "must evaluate a presumption's rationality in light of all of the facts adduced at trial"). The PCRA Court properly addressed and disposed of this argument, as follows:

> Presuming malice from the facts elicited at trial would violate the Due Process Clause if the inference of malice "is not one that reason and common sense justify in light of the proven facts." *Francis v. Franklin,* 471 U.S. 307, 314-15 (1985). In the context of 'permissive inferences,' the protections offered by our Commonwealth's Constitution mirror that which is provided by the United States Constitution. *Commonwealth v. Hall,* 830 A.2d 537, 548-49 (Pa. 2003). The test articulated by the United States Supreme Court and endorsed by [the Pennsylvania] Supreme Court is that a valid due process concern is raised only "if, under the facts of the case, there is no rational way the trier [of fact] could make the connection permitted by the inference." *Id.* at 548, citing *Ulster County v. Allen,* 442 U.S. 140, 157 (1979).
>
> [Petitioner's] claim lacks arguable merit as due process was plainly satisfied. There was a "rational connection" between the proven facts—that the muzzle of [Petitioner's] gun was pressed directly against the victim's chest when fired and that [Petitioner] fled the scene immediately after the killing— and the ultimate fact— that [Petitioner] possessed malice when he pulled the trigger. Given the "rational connection" between the proven facts and the ultimate fact presumed, there was no due process concern to be raised. Appellate counsel cannot be deemed ineffective for not having raised a meritless claim. *Commonwealth v. Sepulveda,* 55 A.3d 1108, 1118 (Pa. 2012). Accordingly, [Petitioner's] claim fails.

*Commonwealth v. Gray*, 1776 EDA 2013, at 8-9 (Phila. Cty. Ct. of Com. Pl. Nov. 27, 2013). Based upon the totality of evidence, the PCRA Court's application of *Ulster* was objectively reasonable, given that it was supported by the facts adduced at trial and entirely consistent with federal law. Because Petitioner cannot show, as the statute requires, that the state court's judgment adjudicating his due process claim was "contrary to, or involved an unreasonable

16

application of, clearly established federal law" this request for *habeas* relief under §2254(d)(1) is denied.

In addition, Petitioner has also not satisfied the stringent requirements of §2254(d)(2). Rather, Petitioner baldly argues that the trial court's findings of fact were "unreasonable," but presents no evidence, let alone clear and convincing evidence, to rebut any of the trial court's factual findings. Absent such evidence, this Court *must* presume that the trial court's factual findings are correct. *See* 28 U.S.C. §2254(e)(1). Accordingly, Petitioner cannot be afforded relief under §2254(d)(2) since he has failed to show that the state court's adjudication of his due process claim involved "an unreasonable determination of the facts" in light of the evidence presented at trial. *See* 28 U.S.C. §2254. Therefore, Petitioner's second objection is overruled.

As noted *supra*, because this Court finds that there was no violation of Petitioner's due process, appellate counsel cannot be ineffective for not raising this argument since it lacks merit. *See Boston,* 2015 WL 6674530 at *12; *see also Buehl v. Vaughn,* 166 F.3d 163, 174 (3d Cir. 1999) (appellate counsel cannot be ineffective for failing to raise a meritless claim).

**CONCLUSION**

For the reasons stated herein, Petitioner's objections to the R&R are overruled, the R&R is approved and adopted, and Petitioner's petition for a writ of *habeas corpus* is denied. Further, because reasonable jurists would not debate the disposition of Petitioner's claims, the certificate of appealability is denied. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.